Tommy SF Wang (SBN: 272409)
Leontyne Fan (SBN: 285042)
YANG & WANG, P.C.
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@yangwanglaw.com; lfan@yangwanglaw.com

Attorneys for Plaintiff
Supreme Food Inc.

# UNITED STATES DISTRICT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPREME FOOD INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>HAI FEND CORPORATION, AKA HAI FENG CORPORATION, a New York Corporation, AND DOES 1 TO 10,<br><br>        Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION FOR:**<br>**1.) TRADE DRESS INFRINGEMENT;**<br>**2.) FALSE DESIGNATION OF ORIGIN;**<br>**3.) FEDERAL COPYRIGHT INFRINGEMENT;**<br>**4.) UNFAIR COMPETITION (15 U.S.C. § 1125(A), LANHAM ACT § 43(A));**<br>**5.) CALIFORNIA COMMON LAW UNFAIR COMPETITION;**<br>**6.) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200); AND**<br>**7.) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS** |

**[UNLIMITED]**

**JURY TRIAL DEMANDED**

PLAINTIFF SUPREME FOOD INC. (hereinafter "Plaintiff") hereby files this Complaint against the Defendants HAI FEND CORPORATION, aka HAI FENG CORPORATION (hereinafter "Defendant"), and DOES 1 to 10 (hereinafter "Defendants"), and alleges as follows:

## INTRODUCTION

1.      This action concerns Defendants' willful and blatant infringement of Plaintiff's protectable rights in and to the trade dress of Plaintiff's charcoal grilled eel food product ("Grilled Eel").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subjection matter of this action pursuant to 28 U.S.C. § 1331 and 1332, and 28 U.S.C. § 1338.  This Court has supplemental jurisdiction over California state law and common law claims pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendant since Defendant has committed acts of trade dress infringement and unfair competition in this district and Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice.  Among other things, Defendant has offered to sell and sold products that infringe on Plaintiff's Grilled Eel Trade Dress to distributors within this judicial district, knowing or having reason to know that consumers, including those within this judicial district, would

1  purchase said goods from Defendant, believing that they were authentic goods

2  produced by and/or associated with Plaintiff.

3      4.    Supplemental jurisdiction exists over Defendant because on

4  information and belief, Defendant conducts business in California and in this

5  judicial district, has purposefully availed itself to California in this judicial district,

6  or has otherwise availed itself of the privileges and protections of the law of the

7  State of California such that this Court's assertion of jurisdiction over Defendant

8  does not offend traditional notions of fair play and justice.

9      5.    Venue is proper within the Central District of California pursuant to

10  28 U.S.C. § 1391(b) because on information and belief, a substantial part of the

11  events or omissions giving rise to the claim occurred in this judicial district, and

12  has caused damages to Plaintiff in this district.

13                          **THE PARTIES**

14      6.    Plaintiff is, and at all relevant times herein was a corporation with its

15  principal place of business in 1563 Sapphire Lane, Diamond Bar, California, CA

16  91765.

17      7.    Plaintiff is informed and believes, and based thereon alleges, that

18  Defendant is, and at all relevant time was, a corporation duly organized and

19  existing under the laws of the State of  New York, with its principal place of

20  business in 198-26 47 Avenue, Flushing, New York 11358, and 34-05 Greenpoint

21  Avenue, L.I.C., New York, 11101.

22      8.    Plaintiff is informed and believes, and based thereon alleges, that

23  Defendant is a food manufacturer that has placed its products into the stream of

24  interstate commerce.  Defendant's products have been sold to distributors in

25

1 | California, and have reached and are sold in grocery stores and supermarkets in the
2 | County of Los Angeles, California.

3 |      9.     Plaintiff does not know the true names, identities and capacities of
4 | Defendants sued herein as DOES 1 to 10, and therefore sues these Defendants by
5 | such fictitious names.  At such time as Plaintiff learns the true names, identities,
6 | and capacities of Defendants DOES 1 to 10, Plaintiff will amend this Complaint to
7 | reflect such names and capacities.  Plaintiff is informed and believes, and thereon
8 | alleges that Defendants DOES 1 to 10, are responsible in some manner for the
9 | actions alleged herein and the damages caused to Plaintiff.

**FACTUAL BACKGROUND**

11 |      10.    Plaintiff manufactures Grilled Eel and sells its products to distributors
12 | in California.  The distributors in turn sell Plaintiff's Grilled Eel to grocery stores
13 | throughout California.

14 |      11.    Plaintiff's Grilled Eel is packaged distinctively with the following
15 | features: 1) a  wrapper featuring a color photo of a cooked eel on a green leaf;  2)
16 | red text indicating the phrase "Premium Quality!"; 3) a dark blue and white circle
17 | displaying "no MSG added" in dark blue and white text; 4) along the top center,
18 | black text spelling out "UNAGI KABAYAKI" in capitalized letters"; 5) across the
19 | center of the wrapper, large black and white Japanese characters followed by red
20 | and white Chinese characters;  6) below that, the phrase "CHARCOAL GRILLED
21 | EEL" in black capitalized letters; and on the left-hand side of the wrapper, a
22 | rendering of Plaintiff's circular red and white logo ("Logo").   A copy of the
23 | Grilled Eel Trade Dress is attached hereto as Exhibit A.

12.     The above-described elements together constitute the trade dress of Plaintiff's Grilled Eel ("Grilled Eel Trade Dress"), to and in which Plaintiff owns protectable rights.

13.     Plaintiff has been manufacturing its Grilled Eel and the accompanying Grilled Eel Trade Dress since 2006, and its products have been sold to grocery stores and supermarkets throughout California.

14.     In or around 2013, Plaintiff discovered that Defendants were also distributing a charcoal grilled eel product ("Infringing Product") to the same distributors as Plaintiff, and as a result the Infringing Product was sold in grocery stores and supermarkets throughout California, using packaging that is largely identical to Plaintiff's Trade Dress.

15.     Defendant's Infringing product contains the following packaging: 1) a wrapper featuring a color photo of a cooked eel on a green leaf;  2) red text indicating the phrase "Premium Quality!"; 3) a dark blue and white circle displaying "no MSG added" in dark blue and white text; 4) along the top center, black text spelling out "UNAGI KABAYAKI" in capitalized letters"; 5) across the center of the wrapper, large black and white Japanese characters followed by red and white Chinese characters;  6) below that, the phrase "CHARCOAL GRILLED EEL" in black capitalized letters; and on the left-hand side of the wrapper, a rendering of Defendant's circular logo ("Infringing Logo").

16.     Upon information and belief, Plaintiff alleges that Defendant's product was, and still is, being packaged, marketed, and distributed using the exact same elements, in the same size and color, as Plaintiff's Grilled Eel Trade Dress. Defendant's Infringing Product is mostly identical to Plaintiff's Grilled Eel Trade

1  Dress.  The only slight difference is where Defendant has replaced Plaintiff's Logo

2  with Defendant's logo.  A copy of Defendant's Infringing Product is attached

3  hereto as Exhibit B.

4       17.    Plaintiff has notified Defendant of its infringing use of Plaintiff's

5  Grilled Eel Trade Dress and has requested that Defendants cease all use of

6  Plaintiff's Grilled Eel Trade Dress.

7       18.    Michael He, a representative of Defendant, had verbally agreed to

8  stop manufacturing and infringing on Plaintiff's Grilled Eel Trade Dress.  However,

9  despite such representations, Defendants have continued to manufacture, sell, and

10  infringe upon Plaintiff's Grilled Eel Trade Dress.

11      19.    On information and belief, Defendant has sold the Infringing Product

12  to the same distributors as Plaintiff at a lower price, and as a result, Plaintiff has

13  lost a substantial amount of orders over the past two years.

14      20.    Plaintiff is informed and believes that Defendant was aware of

15  Plaintiff's rights before it began its infringing activity, and that Defendant's use

16  and infringement is therefore willful.

17      21.    As a result of Defendant's willful and knowing infringement of

18  Plaintiff's Grilled Eel Trade Dress, consumers have expressed confusion over the

19  affiliation, origin, sponsorship and approval of Plaintiff's and Defendant's

20  respective charcoal grilled eel products.

21      22.    As a result of Defendants' infringement of Plaintiff's Grilled Eel

22  Trade Dress, Plaintiff has suffered damages in the amount of lost profits, injury to

23  its goodwill and business reputation, and expenses incurred in trying to prevent

24  customer confusion.

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FIRST COUNT**

**Trade Dress Infringement**

**Pursuant to 15 U.S.C. § 1125(a)(1)**

23.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-22 above.

24.     Plaintiff owns protectable rights in and to the Grilled Eel Trade Dress. First, Plaintiff's Trade Dress is inherently distinctive.  The size, color, design, and arrangement of text, symbols, and photographs that constitute Plaintiff's Grilled Eel Trade Dress are unique to its product.  Further, Plaintiff's Grilled Eel Trade Dress, which Plaintiff has used since 2006 to market its Grilled Eel to the public, has acquired secondary meaning.  Plaintiff's Grilled Eel Trade Dress has become associated in the mind of its consumers as indicative of Plaintiff's company and its products.

25.     Further, the color, size, font, and arrangement of elements in Plaintiff's Grilled Eel Trade Dress do not serve any functional purpose.  The design appearing on the packaging of Plaintiff's Grilled Eel does not make the product more useful or easier to manufacture or distribute.  Thus, the Trade Dress is non-functional.

26.     Plaintiff began using the Grilled Eel Trade Dress in or around 2006, approximately six years before Defendants' Infringing Product appeared on the market.

27.     Defendant's blatant and willful copying of Plaintiff's Trade Dress is highly likely to cause confusion as to the affiliation, origin, sponsorship and approval of the respective charcoal grilled eel products.  The ordinary purchaser is

1   not likely to notice the difference between Plaintiff and Defendant's logos or

2   understand that the respective products are completely distinct in manufacture and

3   distribution.

4        28.   Upon information and belief, the aforesaid acts of the Defendant were

5   undertaken willfully with the intention of causing confusion, mistake or deception.

6   Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recovery of: (1) Defendant's

7   profits; (2) Plaintiff's damages, including lost profits; and (3) costs of the action.

8   Plaintiff is further entitled to treble damages above the amount of actual damages

9   in a sum not more than three times the amount of actual damages. Defendant's

10   intentional and deceitful actions make this a case in which the Plaintiff is entitled

11   to an award of attorneys' fees.

12        29.   By reason of the aforementioned acts by Defendant, Plaintiff has

13   suffered and will continue to suffer irreparable damage, in an amount to be

14   determined, which damage will continue unless and until enjoined by Order of this

15   Court.

16   **SECOND COUNT**

17   **False Designation of Origin**

18   **Pursuant to 15 U.S.C. § 1125(a), Lanham Act § 43(a)**

19        30.   Plaintiff re-alleges and incorporates by reference each and every

20   allegation set forth in paragraphs 1-29 above.

21        31.   Defendant's conduct as alleged constitutes false designation of origin

22   in violation of 15 U.S.C. § 1125, Lanham Act § 43(a).

23        32.   Plaintiff is informed and believes, and upon that basis alleges, that

24   Defendant used Plaintiff's Grilled Eel Trade Dress in connection with its own

25

COMPLAINT
8

1  goods, where use is likely to cause confusion, or to cause mistake, or to deceive as

2  to the origin, sponsorship, association or approval of such goods.

3      33.     By utilizing the Plaintiff's Grilled Eel Trade Dress in connection with

4  its products, Defendant has misrepresented and falsely described to the general

5  public the origin and the source of the products offered for sale.  Further, it creates

6  a likelihood of confusion, mistake or deception to the ultimate purchaser as to the

7  source of the products.

8      34.     The confusion, mistake, or deception referred to herein arises out of

9  the aforementioned acts of Defendant and the acts of the Defendant constitute false

10 designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)

11 and Section 43(a) of the Lanham Act.

12     35.     Upon information and belief, the aforesaid acts of the Defendant were

13 undertaken willfully with the intention of causing confusion, mistake or deception.

14 Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recovery of: (1) Defendant's

15 profits; (2) Plaintiff's damages, including lost profits; and (3) costs of the action.

16 Plaintiff is further entitled to treble damages above the amount of actual damages

17 in a sum not more than three times the amount of actual damages. Defendant's

18 intentional and deceitful actions make this a case in which the Plaintiff is entitled

19 to an award of attorneys' fees.

20     36.     By reason of the aforementioned acts by Defendant, Plaintiff has

21 suffered and will continue to suffer irreparable damage, in an amount to be

22 determined, which damage will continue unless and until enjoined by Order of this

23 Court.

24

25

COMPLAINT
9

## THIRD COUNT

### Federal Copyright Infringement

37.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-36 above.

38.     Plaintiff is and was the exclusive holder of all rights, title and interest in their pictures, graphics, and designs, as separate and distinct works, hereto attached as Exhibit A ("Service No. 1-1975118211").

39.     Defendant has infringed and is infringing the copyrighted designs by unlawfully reproducing and using such photographs in violation of the United States Copyright Act, 17 U.S.C. 106.

40.     Defendant's infringement was and is willful, in bad faith, and executed with full knowledge of Plaintiff's copyright, and in conscious disregard for Plaintiff's exclusive rights in the protected work.

41.     Defendant's deliberate infringement of Plaintiff's copyrights has greatly and irreparably damaged Plaintiff.

42.     Defendant's production of Infringing Products and copyrighted material, and Defendant's wrongful conduct, have deprived and continue to deprive the Plaintiff of their opportunity of expanding their goodwill.  Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with it, from engaging in any further acts in violation of the copyright laws.

43.     Plaintiff is further entitled to recover the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged

1  above.  At present, the amount of such damages, gains, profits, are in an amount to

2  be determined.

### FOURTH COUNT

### Unfair Competition

### Pursuant to 15 U.S.C. § 1125(a); Lanham Act § 43(a)

6  44.   Plaintiff re-alleges and incorporates by reference each and every

7  allegation set forth in paragraphs 1-43 above.

8  45.   As a direct result of the Plaintiff's longstanding use, sales, advertising,

9  and marketing, Plaintiff's Grilled Eel Trade Dress has acquired a secondary and

10  distinctive meaning among the public who have come to identify Plaintiff's Grilled

11  Eel Trade Dress with the Plaintiff and its respective products.

12  46.   Plaintiff is informed and believes that thereon alleges that as early as

13  2012, Defendant has infringed on Plaintiff's Grilled Eel Trade Dress by marketing

14  and selling goods bearing marks virtually identical or confusingly similar to the

15  recognized and distinctive Grilled Eel product.

16  47.   The Infringing Product and related merchandise that the Defendant

17  has sold and distributed, appropriates Plaintiff's Grilled Eel Trade Dress and

18  deludes and confuses the public into believing that the Plaintiff approved,

19  authorized, or sponsored the products and related merchandise sold, offered for

20  sale, or distributed by the Defendant.

21  48.   Defendant, by misappropriating and using the likenesses of Plaintiff's

22  Grilled Eel Trade Dress in connection with the sale of products and related

23  merchandise, is misrepresenting and will continue to misrepresent and falsely

24  describe to the general public the origin and sponsorship of their products.

25

1  Defendant has caused such products to enter into interstate commerce willfully

2  with full knowledge of the falsity of the designation of their origin and description

3  and representation in an effort to mislead the purchasing public into believing that

4  their products are authorized or emanate from the Plaintiff.

5       49.  Defendant's actions, as alleged herein, were and are likely to deceive

6  the consuming public and therefore constitute unfair and fraudulent business

7  practices in violation of 15 U.S.C. §1125(a).

8       50.  Defendant's unlawful, unfair, and fraudulent business practices

9  described above present a continuing threat to members of the public in that they

10  are likely to be deceived by the origin and quality of Plaintiff's products.

11       51.  Upon information and belief, Defendant's acts of unfair competition

12  have resulted in substantial profits for the Defendant in an amount to be

13  determined. Defendant's acts of unfair competition have also resulted in damages

14  to Plaintiff by causing a diversion of sales from Plaintiff to Defendant, lost

15  royalties and other damages resulting from irreparable harm to Plaintiff's goodwill.

16  The exact amount of Plaintiff's damages are to be determined.

17       52.  Plaintiff has also incurred costs and attorneys' fees to bring this

18  action.

19       53.  Defendant's conduct has caused and will continue to cause irreparable

20  injury to Plaintiff unless permanently enjoined.

21

22

23

24

25

COMPLAINT
12

# FIFTH COUNT

## California Common Law Unfair Competition

54.    Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 53 and brings the following claim for unfair competition pursuant to California's common law against the Defendant.

55.    The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

56.    By Defendant's acts alleged herein, the Defendant has engaged in unfair competition under the common law of the State of California.

57.    Defendant has manufactured and sold Infringing Products displaying the Grilled Eel Trade Dress in California, thereby creating a false designation of origin of Plaintiff's brand of goods and unfairly competing with Plaintiff's business.

58.    Upon information and belief, Defendant has knowingly and willfully misappropriated Plaintiff's Grilled Eel Trade Dress in an effort to create the impression that the Defendant's Infringing Products are sanctioned by the Plaintiff and to misappropriate the goodwill associated with Plaintiff's Grilled Eel Trade Dress, entitling Plaintiff to an award of exemplary damages and attorneys' fees.

59.    The aforesaid acts of the Defendant have caused damage to Plaintiff, in an amount to be determined.

60.    By reason of the acts of the Defendants alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## SIXTH COUNT

### Unfair Competition

### Pursuant to Cal. Bus. & Prof. Code § 17200 et seq.

61.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-60 above.

62.     The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

63.     As alleged above, Plaintiff's Grilled Eel Trade Dress has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiff.  The ordinary purchaser is likely to attribute to Plaintiff the misuse by Defendants of the Grilled Eel Trade Dress and thereby purchase Defendants' Infringing Product based upon that erroneous belief.

64.     Plaintiff is informed and believes, and upon that basis alleges, that Defendants copied Plaintiff's Grilled Eel Trade Dress and reproduced it with the intent of causing confusion, mistake and deception as to the source of the Defendant's Infringing Product and with the intent to palm off such goods as those of Plaintiff.  As such, Defendant has committed trade dress infringement, misleading advertising, and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 et seq.

65.     Upon information and belief, Plaintiff alleges that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiff.

66.     Plaintiff has been proximately damaged by Defendant's infringement and is thus entitled to a permanent injunction to prevent further such conduct, and

1   monetary damages including, but not limited to, all of Defendant's profits on the

2   products sold under or in connection with its infringing use of Plaintiff's Grilled

3   Eel Trade Dress, Plaintiff's lost profits, compensation for the injury to Plaintiff's

4   goodwill and business reputation, expenses incurred in trying to prevent customer

5   confusion, plus Plaintiff's attorney fees and costs.

6                               **SEVENTH COUNT**

7            **Intentional Interference with Prospective Economic Relations**

8            67.    Plaintiff re-alleges and incorporates by reference each and every

9   allegation set forth in paragraphs 1-66 above.

10           68.    The Court has jurisdiction over this Cause pursuant to 28 U.S.C.

11   § 1367.

12           69.    Plaintiff alleges that Plaintiff and the distributors and consumers of its

13   Grilled Eel product were in an economic relationship that probably would have

14   resulted in an economic benefit for Plaintiff in the form of continued Grilled Eel

15   purchases from the abovementioned distributors and consumers.

16           70.    Plaintiff is informed and believes and therefore alleges that Defendant

17   was aware of the relationship between Plaintiff and the current and potential

18   distributors and consumers of Plaintiff's Grilled Eel.

19           71.    Plaintiff alleges that Defendant engaged in the wrongful conduct of

20   infringing Plaintiff's Grilled Eel Trade Dress and in doing so, intended or at least

21   knew that Plaintiff's relationship with its Grilled Eel distributors and consumers

22   was certain to be disrupted due to confusion as to which company's products

23   consumers were purchasing.

24

25

72.    Plaintiff alleges, upon information and belief, that its relationship with its Grilled Eel distributors and consumers has in fact been disrupted where consumers mistakenly purchased Defendant's Infringing Product over Plaintiff's Grilled Eel, and distributors have stopped placing orders with Plaintiff.

73.    Upon information and belief, Plaintiff alleges that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiff.

74.    Plaintiff has been proximately damaged by Defendant's infringement and is thus entitled to a permanent injunction to prevent further such conduct, and monetary damages including, but not limited to, all of Defendant's profits on the products sold under or in connection with its infringing use of Plaintiff's Grilled Eel Trade Dress, Plaintiff's lost profits, compensation for the injury to Plaintiff's goodwill and business reputation, expenses incurred in trying to prevent distributor and customer confusion, plus Plaintiff's attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands entry of a judgment against the Defendant as follows:

1.    The Defendant, its officers, agents, servants, employees, attorneys, and all those in active concert or participation with them be enjoined and restrained:

a. From further using Plaintiff's Grilled Eel Trade Dress or any other confusingly similar trade dress, in connection with the manufacture, sale, advertisement or promotion of any product or any other similar infringement of

1  Plaintiff's Grilled Eel Trade Dress, for products not originating from Plaintiff or

2  authorized by Plaintiff;

3       b. From diluting any of Plaintiff's Grilled Eel Trade Dress with any other

4  confusingly similar trade dress; and

5       c. From engaging in unfair competition by making and selling its products or

6  otherwise using confusingly similar trade dress and designs, in such a way as to

7  misrepresent the origin of any of the Defendant's products.

8       2.     For an order requiring Defendant to deliver and be impounded during

9  the pendency of this action all material in Defendant's possession, custody or

10  control that include or incorporate products that infringe Plaintiff's Grilled Eel

11  Trade Dress rights, including but not limited to, any containers, packages, labels

12  and advertisements in their possession or under their control bearing any of

13  Plaintiff's Trademark or utilizing Plaintiff's Design Patents, or any simulation,

14  reproduction, counterfeit, copy, or colorable imitation thereof;

15       3.     Directing that the Defendant report to this Court within thirty (30)

16  days after a Permanent Injunction is entered to show its compliance with

17  paragraphs 1 and 2 above;

18       4.     For compensatory damages in an amount to be proven at trial;

19       5.     For all gains, profits and advantages derived by Defendant by its

20  infringement of Plaintiff's Grilled Eel Trade Dress;

21       6.     For punitive damages in an amount sufficient to punish Defendant for

22  its wrongful conduct and to deter others from engaging in similar conduct in the

23  future;

24       7.     For statutory damages as provided by law;

25

8.      For permanent injunction against Defendant, preventing Defendant from any future usage of any identical or similarly confusing marks related to Plaintiff's Grilled Eel Trade Dress;

9.      Directing such other relief as the Court may deem appropriate to prevent the trade and public, or individual members thereof, from gaining the erroneous impression that the Plaintiff authorized or approved any products manufactured, sold, or otherwise circulated or promoted by the Defendant or that such products are in any way related to the Plaintiff;

10.     For a judgment declaring that this case is exceptional and awarding to the Plaintiff from the Defendant, as a result of the Defendant's willful, intentional, and bad faith sale of Infringing Products bearing the Plaintiff's Grilled Eel Trade Dress, three times the Plaintiff's damages and three times the Defendant's profits, after an accounting, or statutory damages, should the Plaintiff opt for such relief, pursuant to 15 U.S.C. § 1117;

11.     Awarding the Plaintiff damages by reason of the unlawful acts by Defendant as set forth in this Complaint, pursuant to 15 U.S.C. § 1117 and common law;

12.     Awarding to the Plaintiff its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117;

//

//

//

//

13.     Awarding to the Plaintiff its costs in bringing this action; and

14.     Awarding other such relief to the Plaintiff as this Court deems just.

DATED:  12/31/2014                    Respectfully submitted,

Songfong Tommy Wang
Yang & Wang, P.C.
Attorney for Plaintiff
Supreme Food Inc.

1

## DEMAND FOR JURY TRIAL

2          Supreme Food Inc., hereby demands a jury trial on all issues which can be

3    heard by a jury.

4

5

6          DATED:  12/31/14                    Respectfully submitted,

7

8                                              _____

9                                              Songfong Tommy Wang
                                               Yang & Wang, P.C.

10                                             Attorney for Plaintiff
                                               Supreme Food Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25